**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4129**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

JEFFREY DEAN BLAKE,

                Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Spartanburg.  Henry M. Herlong, Jr., Senior District Judge.  (7:09-cr-00783-HMH-1)

Submitted:  June 16, 2010          Decided:  July 6, 2010

Before WILKINSON, MOTZ, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Benjamin T. Stepp, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant.  William Jacob Watkins, Jr., OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jeffrey Dean Blake pled guilty to theft of Postal Service money orders, in violation of 18 U.S.C. § 500 (2006). The district court sentenced Blake to twelve months in prison, the top of the advisory guidelines range, and ordered the sentence to run consecutively to his undischarged state sentence. On appeal, Blake's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that, in his view, there are no meritorious issues for appeal but questioning whether the sentence is reasonable. Blake was informed of his right to file a pro se supplemental brief but has not done so. Finding no error, we affirm.

Although counsel identifies no error in the plea colloquy, we have reviewed the plea transcript and conclude that the district court substantially complied with the mandates of Fed. R. Crim. P. 11, in accepting Blake's guilty plea. Although the district court did not inform Blake of his right to confront and cross-examine witnesses, see Fed. R. Crim. P. 11(b)(1)(E), we find that the court's omission did not affect Blake's decision to plead guilty. See United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002) (discussing plain error standard of review); United States v. Goins, 51 F.3d 400, 402 (4th Cir. 1995) (discussing factors courts should consider in determining whether substantial rights affected in decision to plead

2

guilty).  Moreover, the district court ensured that Blake's plea was knowing and voluntary and was supported by a sufficient factual basis.  See United States v. DeFusco, 949 F.2d 114, 116, 119-20 (4th Cir. 1991).

Counsel suggests that the district court erred by ordering Blake's sentence to run consecutively to an undischarged state sentence.  An appellate court reviews a sentence for reasonableness under an abuse-of-discretion standard.  Gall v. United States, 552 U.S. 38, 51 (2007).  This review requires consideration of both the procedural and substantive reasonableness of a sentence.  Id.  This court must assess whether the district court properly calculated the advisory guidelines range, considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence.  Gall, 552 U.S. at 49-50; see United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010); United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009).  If there is no procedural error, the appellate court reviews the substantive reasonableness of the sentence, "examin[ing] the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)."  United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010).

3

With these standards in mind, we have reviewed Blake's sentence and conclude that the district court did not abuse its discretion in ordering the federal sentence to run consecutively to the undischarged state sentence. The court considered the facts of Blake's case in imposing a consecutive sentence at the top of the guidelines range. The court emphasized that Blake had amassed twenty-six criminal history points (twice the number required for placement in criminal history category VI) for his repeated violations of the law. See 18 U.S.C. § 3584(a), (b) (2006); 18 U.S.C. § 3553(a).

In accordance with Anders, we have reviewed the record and find no meritorious issues for appeal. Thus, we affirm the district court's judgment. This court requires that counsel inform his client, in writing, of the right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED